**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**SAMUEL PAUL RANSON,**

   **Plaintiff,**

**v.**            **Case No. 3:17-cv-01547**

**WESTERN REGIONAL JAIL,**

   **Defendant.**

**MEMORANDUM OPINION and ORDER**

  Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). The Court hereby **GRANTS** the application and **ORDERS** the Clerk of Court to issue a summons for the defendant. The United States Marshals Service is **ORDERED** to serve the summons and complaint on the defendant, or its agent for service, pursuant to Rule 4, *Fed. R. Civ. P.*

  The Court notes that Plaintiff has only one cent in his prison account; therefore, Plaintiff shall not be required to pay an initial partial filing fee, but is hereby **ORDERED** to make monthly payments equal to 20 percent of the preceding month's income credited to his prisoner account until the full filing fee of $350.00 has been paid. The first payment shall be made on or before **April 5, 2017** and the subsequent payments shall be due on the fifth day of each month thereafter. The Western Regional Jail, or any other agency having custody of the Plaintiff, shall forward payments from Plaintiff's prisoner account to the Clerk of Court each time the amount in Plaintiff's prisoner account exceeds $10,

- 1 -

until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is further **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance to the Plaintiff, if any.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff's complaint alleges that nurses and other individuals at the Western Regional Jail have ignored his requests for medical care. (ECF No. 2 at 4). As a result, Plaintiff claims to have suffered permanent injuries and seeks money damages. (*Id.* at 5). However, Plaintiff does not identify the individuals who have allegedly denied him medical care; instead, he sues only the Western Regional Jail.

In order to state a cause of action for money damages under 42 U.S.C. § 1983, a plaintiff must show that a *person or persons*, acting under color of state law, deprived the

- 2 -

plaintiff of a federally protected civil right, privilege, or immunity. *Perrin v. Nicholson*, 2010 U.S. Dist. LEXIS 105121, at *4 (D.S.C. 2010); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under 42 U.S.C. § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Consequently, in this case, Plaintiff will need to identify and join as a defendant each *person* that Plaintiff claims violated his rights.  Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** of the date of this Order to accomplish the following:

1.     Plaintiff shall fully identify and list as a defendant, by name, the person or persons against whom Plaintiff complains. If Plaintiff does not know the name of a relevant person, Plaintiff shall list that person as a John Doe or Jane Doe (e.g. Doctor Jane Doe; Nurse John Doe, Correctional Officer John Doe. . .) and shall further identify the person in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the Court in determining the identity and number of individual defendants in the action, as well as the specific reason that each person is included in the complaint. To the extent Plaintiff knows partial names, he shall include those parts (e.g. Nurse Susan LKU ('last name unknown"); Doctor Jones).

2.     Plaintiff shall provide *factual* statements, including dates and events, which set forth how each named defendant allegedly violated Plaintiff's civil or constitutional rights.

**Plaintiff is hereby given notice that a failure to amend the complaint as ordered may result in a recommendation that the complaint be dismissed for**

**failure to state a claim cognizable under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1.**

Plaintiff is also notified of his obligation as a *pro se* plaintiff to promptly advise the Clerk of Court of any changes in his address. If Plaintiff's address changes and the Court cannot locate him, his complaint will likely be dismissed for failure to prosecute.

The Clerk is instructed to provide a copy of this Order and another form complaint to Plaintiff.

**ENTERED:**  March 8, 2017

Cheryl A. Eifert
United States Magistrate Judge